These causes were heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Muriel White appeals from an order denying her motion to withdraw her guilty plea. This Court affirms.
 I.
In January 1994, White pled guilty to a multiple count indictment in Lorain C.P. No. 93CR044169 and to another multiple count indictment in Lorain C.P. No. 93CR044186. The indictments in both cases contained a firearm specification. In each case, each count was to be served concurrently with the other counts and consecutively to the firearm specification. The trial court further held that the sentences in both cases were to be served concurrently.
In early 1997, a controversy arose as to whether White was to serve one firearm specification consecutive to the other or whether White was to serve both firearm specifications concurrently. As a result of this controversy, the trial court reviewed the original sentencing entry and determined that it had erred by ordering the firearm specifications to be served concurrently.[1] On May 7, 1997, the trial court issued an amended sentencing entry stating:
 It is the order of this court that 93CR044186 be served concurrent to 93CR044169. However, both gun specifications from each case must be served consecutively. In essence, what this court orders is that the defendant serve as follows:
 3 year actual on one gun specification consecutive to a 3 year actual on the other gun specification and then serve all sentences on both cases concurrent to each other.
 3 years consecutive to 3 years consecutive to 3-15 years.
On January 20, 1998, White filed a motion for leave to withdraw her guilty plea pursuant to Crim.R. 32.1 in Lorain C.P. No. 93CR044169. The trial court denied the motion and White appealed.
 II.
Initially, this Court must discuss our jurisdiction over Lorain C.P. No. 93CR044186.
White's notice of appeal indicated that she was appealing the denial of her motion to withdraw her guilty plea in Lorain C.P. No. 93CR044169 and Lorain C.P. No. 93CR044186. However, as noted above, White only filed this motion in Lorain C.P. No. 93CR044169 and the judgment denying the motion was only journalized in Lorain C.P. No. 93CR044169. Therefore, because the judgment being appealed was never entered in Lorain C.P. No. 93CR044186 and because the time to appeal the amended sentencing order in Lorain C.P. No. 93CR044186 has long since passed, see App.R. 4(A), this Court is without jurisdiction to entertain an appeal from Lorain C.P. No. 93CR044186. As such, the appeal from Lorain C.P. No. 93CR044186 is dismissed.
 III.
In regard to Lorain C.P. No. 93CR044169, White raises two assignments of error:
 THE TRIAL COURT ERRED IN NOT HOLDING A HEARING ON THE PRO SE MOTION TO WITHDRAW THE PLEA.
 THE TRIAL COURT ERRED BY DENYING THE PRO SE MOTON [sic] TO WITHDRAW THE PLEA.
However, because White's motion was untimely, this Court need not address the assigned errors.
In State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported, this Court held that a motion that is filed after the time for direct appeal and that is seeking the vacation of a conviction based on a constitutional violation must be construed as a petition for postconviction relief under R.C. 2953.21. Id., citing State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. See, also, State v. Miller (July 29, 1999), Cuyahoga App. No. 75919, unreported; State v. Hill (Sept. 4, 1998), Hamilton App. No. C-970966, unreported.
Pursuant to Shie, White's motion to withdraw her plea must be construed as a petition for postconviction relief. White's motion to withdraw her plea was filed almost two hundred and sixty days after the amended sentencing entry was journalized. That is well in excess of the time for a direct appeal. Also, in her motion to withdraw her plea, White claimed that, because she was never advised that she would have to serve the two firearm specifications consecutively, her plea was not knowing and voluntary and that she had ineffective counsel. These claims are clearly predicated on constitutional violations.
A petition for postconviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). Defendants have thirty days to file an appeal. App.R. 4(A). As such, White had a total of two hundred and ten days from the journalization of the amended sentencing entry to file the instant petition for postconviction relief. As noted above, White waited nearly two hundred and sixty days to file her petition. Therefore, White's petition was untimely under R.C. 2953.21(A)(2).
Additionally, R.C. 2953.23(A) permits a petition for postconviction relief to be filed beyond the time limits set forth in R.C. 2953.21(A)(2) provided that certain requirements are satisfied. However, because White made no attempt to satisfy those requirements, White's petition does not qualify as a delayed petition under R.C. 2953.23(A).
Because White's petition was untimely, the trial court was permitted to dismiss the petition without addressing its merits. See Hill, supra. As such, this Court cannot say that the trial court erred by denying White's petition.
Judgment in Lorain C.P. No. 93CR044169 affirmed.
Appeal from Lorain C.P. No. 93CR044186 dismissed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
 FOR THE COURT
SLABY, P.J.
WHITMORE, J.
CONCUR
[1] This determination has never been challenged.